IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CHERYL SIMPSON,

    Plaintiff,

v.

CITY OF DOUGLASVILLE, et al.,

    Defendants.

CIVIL ACTION FILE NO.

1:22-cv-05117-SDG

## **ORDER**

Plaintiff, proceeding without counsel, seeks leave to file this civil action *in forma pauperis* ("IFP"), without prepayment of fees and costs or security therefor, pursuant to 28 U.S.C. § 1915(a)(1). [Doc. 1, Application].

The affidavit of poverty submitted by Plaintiff indicates that over the past twelve months, Plaintiff and her husband have earned an average monthly income of $2900 from disability payments, which amounts to $34,800 on an annual basis. [Doc. 1-1 at 1]. Plaintiff does not list any children that rely on her or her spouse for support. [Doc. 1 at 3]. She reports that she owns a home valued at approximately $160,000, and a Toyota Camry. Plaintiff has estimated her total monthly expenses at approximately $890. [Doc. 1-1 at 2].

AO 72A
(Rev.8/82)

Plaintiff's allegations of poverty are not fully supported by the record. With an annual income of approximately $34,800, Plaintiff is well above the poverty level.[1] A litigant who wishes to proceed "without prepayment of fees or security therefor" must file an IFP affidavit that establishes that she is "*unable* to pay such fees or give security therefor." 28 U.S.C. § 1915(a) (emphasis added). It is not enough that a litigant would simply prefer not to pay the filing and administrative fees for her civil action. Although Plaintiff may have limited funds, and may have other priorities for those funds, I believe that she is able to pay the required $402 filing fee and should do so if she wishes to pursue this case. For the reasons stated, I find that Plaintiff has sufficient means to pay the filing fee and incur the costs of these proceedings. Thus, Plaintiff's request to proceed IFP is **DENIED**.

If Plaintiff wishes to proceed with this action, she is **ORDERED** to pay the appropriate civil action filing fee to the Clerk within **14 days** of the date of this Order. Thereafter, Plaintiff must effect service of the summons and complaint upon the defendants in accordance with the Federal Rules of Civil Procedure. Failure to pay the filing fee will result in a recommendation that this action be dismissed. The Clerk is **DIRECTED** to re-submit this matter to me on January 16, 2023.

---

[1] *See* https://aspe.hhs.gov/poverty-guidelines (last visited October 26, 2022).

However, before Plaintiff decides to proceed with this action in federal court, she should first make sure that she has a claim that arises under federal law and/or diversity jurisdiction. A plaintiff's complaint must establish subject matter jurisdiction, and must demonstrate that the action is based on diversity jurisdiction, or that the action contains one or more claims arising under the Constitution, treaties, or laws of the United States. 28 U.S.C. §§ 1331, 1332.

The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint" rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112-13 (1936)).

Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction for all civil actions where the amount in controversy exceeds $75,000 and is between citizens of different states. *See id.* "There must be complete diversity of citizenship. That is, diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Manley v. Ford Motor Co.*, 17 F. Supp. 3d 1375, 1379 (N.D. Ga. 2014) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978)). A public entity or political subdivision of a state is a citizen of the state

for diversity purposes.  *See Ala. Space Science Exhibit Comm'n v. Merkel Am. Ins. Co.*, 400 F. Supp. 3d 1259, 1261 (N.D. Ala. 2019) (citing 28 U.S.C. 1332).

From my review of Plaintiff's proposed complaint, there are no claims being asserted that would provide federal question jurisdiction. All of Plaintiff's claims arise under state law, sound in negligence and personal injury, and are chiefly asserted against Travelers Insurance, the City of Douglasville, Georgia, and the City's mayor. [*See* Doc. 1-2, Compl., at 1, 5–6, citing O.C.G.A. §§ 51-1-2 (Ordinary Diligence. Ordinary Negligence); 51-3-1 (Owner or occupier bound to keep premises safe); and 51-1-6 (Breach of legal duty)]. Her complaint alleges that the amount in controversy exceeds $75,000. But she has not shown that there is complete diversity between her and each of the named defendants.

Moreover, Plaintiff's complaint expressly alleges that it is the relevant "Superior Court" of Georgia that has subject matter jurisdiction over her claims under the laws and Constitution of the State of Georgia. [*See* Compl. ¶ 6].

For all these reasons, it appears that Plaintiff may have filed her complaint incorrectly in federal court instead of in the state or superior court that handles the type of claim(s) she is asserting for claims against the City of Douglasville, Georgia, and related officials and/or insurers.

Accordingly, I recommend that before Plaintiff elects to re-file her complaint in this court and pay the filing fee, she should carefully evaluate whether this court has subject matter jurisdiction over the claims she wishes to assert.

**IT IS SO ORDERED**, this 30th day of December, 2022.

CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE

AO 72A (Rev.8/82)